

**MAURICE & NEEDLEMAN**

Attorneys at Law
5 Walter E. Foran Blvd.
Suite 2007
Flemington, NJ 08822
tel. 908.237.4550
fax 908.237.4551

www.mnlawpc.com

Donald S. Maurice
Member DC, NJ & NY Bar
Board Certified
Creditors' Rights Law
American Board of Certification

Joann Needleman
Member PA & NJ Bar

Thomas R. Dominczyk
Member NJ , NY & PA Bar

Rachel Marin
Member NJ & NY Bar

Shannon Patrick Miller
Member PA & NY Bar

**Our File: 16411**
**Direct Dial: 908-237-4545**
**Email: rmarin@mnlawpc.com**

April 11, 2013

VIA ECF and U.S. MAIL

Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    **Yitzchok Goldstein v. Frederick J. Hanna & Associates, P.C.**
       **Case No. 13-cv-00776**

Dear Judge Gleeson:

The undersigned is counsel of record for the Defendant, Frederick J. Hanna & Associates, P.C. ("Hanna") in the above referenced matter.  Hanna requests permission to file a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6). Plaintiff has filed a Class Action lawsuit alleging violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq.*, specifically §§ 1692e, 1692e(3), 1692e(5) and 1692e(10). As will be discussed below, Plaintiff has failed to sufficiently plead any cause of action under the FDPCA.

Plaintiff's complaint is based entirely on one allegation: that Hanna allegedly left a message on Plaintiff's voice mail which stated **"Please contact Bob Wilson with the Law Offices of Frederick J. Hanna and Associates, P.C."** ("Voice Mail Message").  By leaving this Voice Mail Message, Plaintiff alleges that Hanna has violated the enumerated sections of the FDCPA as follows: (1) by failing to leave a *Grecco*[1] disclaimer on the Voice Mail Message in violation of §1692e(3); (2) by threatening legal action in violation of §1692e(5); and (3) by otherwise using false and deceptive means to collect a debt in violation of §1692e(10).

I.     **PLAINTIFF FAILS TO PROPERLY PLEAD THAT THE "DEBT" MEETS THE DEFINITION SET FORTH IN THE FDCPA AND THAT HE IS A "CONSUMER".**

The FDCPA regulates "communications" (defined in §1692a(2)) by "debt collectors" (defined in §1692a(6)) in their attempts to collect "debts" (defined by §1692a(5)) from "consumers" (defined in §1692a(3)). Plaintiff pleads only legal conclusions in his complaint and fails to sufficiently plead any facts showing that the alleged "debt" falls within the meaning of the statute as defined in §1692a(5). *See Shmerkocvich v. RMC Consulting Grp. LLC*, No. 09-CV5490, 2011

Pennsylvania Office
MAURICE & NEEDLEMAN, P.C.
Suite 935, One Penn Center
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
tel. 215.665.1133
fax 215.563.8970

---

[1] *Grecco v. Trauner Cohen & Thomas, LLP*, 412 F.3d 360 (2d Cir 2005).



Page 2
April 11, 2013
U.S. Dist. LEXIS 30615 at *4 (E.D.N.Y. Jan. 31, 2011) (citations omitted).  Additionally, Plaintiff fails to adequately plead that he is a consumer within the definition of §1692a(3), again only providing legal conclusions and no facts in support. Due to these deficiencies Plaintiff fails to properly plead any FDCPA claim against Hanna and his complaint must be dismissed in its entirety.

Even if Plaintiff did properly plead that the debt met the definition set out in the Act and that he was a consumer, Plaintiff's claims regarding violations of specific sections of the FDCPA still fail as a matter of law and will be addressed as follows:

## II.      PLAINTIFF FAILS TO STATE A CLAIM UNDER §1692e(3).

Plaintiff alleges that Hanna's Voice Mail Message violates §1692e(3) because it failed to provide a *Grecco* disclaimer advising the Plaintiff that Hanna, as a law firm, was not meaningfully involved in the Plaintiff's account at the time the Voice Mail Message was left. Section 1629e(3) prohibits the false representation that the communication is from an attorney.  In *Grecco*, the Second Circuit approved a statement in a collection letter to a debtor which disclaimed the law firm's involvement, and stated that ". . . attorneys can participate in debt collection in any number of ways, without contravening the FDCPA, so long as their status as ***attorneys is not misleading***." *Grecco*, 412 F.3d at 364 (emphasis added).  Plaintiff alleges only that the Voice Mail Message requested a call back. There are no allegations that the Voice Mail Message requested money from the Plaintiff or mentioned a debt. Plaintiff acknowledges the call came from Hanna and that Hanna is a law firm. Plaintiff makes no allegations as to how or in what manner the Voice Mail Message gave him the impression that Hanna was not a law firm or what about the message was false, confused him or otherwise violated the Act, other than the call was made. The list of cases cited in the Plaintiff's complaint provides no support for Plaintiff's theory and speaks only to false statements about an attorney's involvement when sending a *written* communication.

## III.     PLAINTIFF FAILS TO STATE A CLAIM UNDER §1692e(5).

Plaintiff alleges that the Voice Mail Message violates §1692e(5) by threatening legal action. Again, Plaintiff makes no allegation that the Voice Mail Message stated anything other than a request for a call back. There is no indication anywhere in the Plaintiff's complaint that the Voice Mail Message contained any statement regarding a court or a lawsuit. Courts within this jurisdiction and other jurisdictions have consistently held that the mere communication by an attorney is not the basis for an FDCPA violation. *See Kapeluschnik v. Leschack & Grodensky, P.C.*, 1999 U.S. Dist. LEXIS 22883, **18-19 (E.D.N.Y. Aug. 25, 1999) (the mere sending of a letter by an attorney does not constitute a threat of litigation or otherwise violate the FDCPA); s*ee also Abels v. JBC Legal Grp., P.C.*, 428 F. Supp. 2d 1023, 1028 (N.D. Cal. 2005) (same); *Veillard v. Mednick*, 24 F. Supp. 2d 863 (N.D. Ill. 1998) (same); *Sturdevant v. Thomas E. Jolas, P.C.*, 942 F. Supp. 426, 430 (W.D. Wis. 1996) (same).



Page 3
April 11, 2013

### IV.   PLAINTIFF FAILS TO STATE A CLAIM UNDER §1692e(10).

Plaintiff asserts no other factual allegations regarding the alleged violation of §1692e(10) other than what has been asserted to support his §§ 1692e(3) and (5) claims. A court must deem a §1692e(10) claim deficient if it "does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA." *Foti v. NCO Fin. Sys., Inc*., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006); *Tsenes v. Trans-Continental Credit and Collection Corp*., 892 F. Supp. 461, 466 (E.D.N.Y. 1995) (same). Thus, Plaintiff's §1692e(10) claim must be dismissed.

### V.   PLAINTIFF FAILS TO MEET THE PLEADING STANDARDS SET OUT BY *TWOMBLY*.

Finally, Plaintiff's complaint as pled fails to meet the basic elements of *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations omitted). The Supreme Court explained:

> "Something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people' . . . . So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'"
> *Id*. at 1966 (citations omitted).

A complaint that contains no more than legal conclusions is not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Under the circumstances, it is respectfully requested that Defendant Frederick J. Hanna & Associates, P.C. be permitted to file its Rule 12(b)(6) motion.

Thank you for your consideration.

Respectfully submitted,

Maurice & Needleman, P.C.

/s/ *Rachel Marin*
Rachel Marin
RM/
cc: Maxim Maximov, Esq.  (via ECF)