UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————

YITZCHOK GOLDSTEIN
on behalf of himself and
all other similarly situated consumers

                         Plaintiff,

          -against-


FREDERICK J. HANNA & ASSOCIATES, P.C.

                         Defendant.


———————————————————————

## FIRST AMENDED CLASS ACTION COMPLAINT

### Introduction

1.      Plaintiff Yitzchok Goldstein seeks redress for the illegal practices of Frederick J. Hanna

        & Associates, P.C. in which it unlawfully engaged in the collection of consumer debts in

        violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

        ("FDCPA").

2.      Plaintiff is a citizen of the State of New York who resides within this District.

3.      Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4.      The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer

        debt which was incurred primarily for personal, family, or household purposes.

5.      Upon information and belief, Defendant's principal place of business is located within

        Marietta, Georgia.

6.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

8.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

## Allegations Particular to Yitzchok Goldstein

10.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.     On many occasions within the past year, Frederick J. Hanna & Associates, P.C. left prerecorded messages on Plaintiff Yitzchok Goldstein's voice mail stating: "**Hello this message is in reference to a personal business matter concerning Y. Goldstein.  If you are not the following person, Y. Goldstein, please hang up or disconnect immediately, <u>Please contact Bob Wilson with the Law Offices of Frederick J. Hannah and Associates P.C…</u>", the toll free number is 18669496996 thanks.  Again please contact Bob Wilson with the Law Offices of Frederick J. Hanna and Associates P.C., the toll free number is 18669496996, this message is from a debt collector.  If you would like to speak with a representative immediately please press zero now, if you would like to hear this message again please press one**." (emphasis

added)

12.     Said    messages communicate    to    the    least    sophisticated    consumer    that    the
        communications came from a law firm in a practical sense, hence these prerecorded
        messages violate 15 U.S.C. § 1692e(3).

13.     Upon information and belief, The Law Office of Frederick J. Hanna & Associates, P.C.
        is not a Law Office in the practical sense.  Frederick J. Hanna & Associates, P.C. was
        not meaningfully involved as a law firm in the collection of the plaintiff's debt.

14.     Frederick J. Hanna & Associates, P.C. engages in a deceptive dunning collection
        campaign of phone calls and voice-mail messages using the words **Law Offices of
        Frederick J. Hannah and Associates P.C.** which are part of a ploy conveying to the
        debtor that the message is a communication from a law office in the practical sense,
        which is solely intended to strike fear in the hearts of the debtors and get the debtors
        knees knocking[1].

15.     The FDCPA prohibits the use of any "false, deceptive, or misleading representation or
        means in connection with the collection of any debt."  15 U.S.C. § 1692e.  It enumerates
        a non-exhaustive list of sixteen debt-collection practices that run afoul of this
        proscription, including "the false representation or implication that [a] communication is
        from an attorney."  Id. § 1692e(3).  The Second circuit has held that a debt-collection

---

1.      [1] See: Avila v. Rubin, 95 F.3d 222, 228 (7th Cir. 1996) ("An unsophisticated consumer, getting a letter
        from an 'attorney,' knows the price of poker has just gone up.  And that clearly is the reason why the
        dunning campaign escalates from the agency, which might not strike fear in the heart of the consumer, to
        the attorney, who is better positioned to get the debtor's knees knocking."); Veillard v. Mednick, 24 F.
        Supp. 2d 863, 867, 1998 U.S. Dist. LEXIS 16587 (N.D. Ill. 1998) (The court stated "The Avila court held
        that using the term "attorney" without an attorney actually working on the file was confusing as a matter
        of law."; Suquilanda v. Cohen & Slamowitz, LLP  No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ("Absent
        any disclaimer and without an attorney conducting any meaningful review, using a "Law Office"
        letterhead states a claim for relief under Section 1692e(3)."

letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account – such as by reviewing the debtor's file – before the letter was sent. *Clomon v. Jackson, 988 F.2d 1314, 1320-21 (2d Cir. 1993)*

16.     The same applies to a prerecorded or human voice-mail message because a voice mail message containing a law-firm audio caption such as **"Please contact Bob Wilson with the Law Offices of Frederick J. Hannah and Associates P.C…"** would imply meaningful attorney involvement, which does not exist absent participation by an attorney in the debt-collection process.[2]

17.     The Second Circuit confronted similar facts in Clomon.  There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."  He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed.  Id.  The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated Section 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word."  The same result is obtained here.

18.     Many courts have ruled[3]: that under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either 15 U.S.C. §§ 1692d(6), 1692e(11) or 1692c(b) if it does so.  When a debt collection law firm like **Frederick J. Hanna & Associates,**

---

[2] See, e.g., Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 364 (2d Cir. 2005) ("[W]e [have] established that a letter sent on law firm letterhead . . . does represent a level of attorney involvement to the debtor receiving the letter.  And if the attorney or firm had not, in fact, engaged in that implied level of involvement, the letter is . . . misleading within the meaning of the FDCPA.")

[3] See e.g., Carman v. CBE Group, Inc., 2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011.

**P.C.** chooses to leave a voice mail message on the debtors answering machine which uses the words: **"The Law Offices of Frederick J. Hanna & Associates, P.C.** before any direct and personal involvement ("with the debtor's account – such as reviewing the debtor's file) - then - (absent any clear disclosure that no attorney has reviewed the particular account) the messages violate 15 U.S.C. § 1692e(3).[4]

19.     In order for a collection agency to be *Foti* compliant, a debt collector must put in each oral or written communication, the debt collector disclaimer.  The debt collector cannot assume that the initial communication absolves the debt collector from making future debt collector disclaimers.  In order for a law firm, who is engaged in purely debt collection activity to be *Greco* compliant, if the debt collection law firm uses words that would imply the communication is coming from a law firm, then they need to use a NON ATTORNEY disclaimer in every communication and they cannot assume that the initial communication absolves the NON ATTORNEY debt collector from making future NON ATTORNEY disclaimers.  When it comes to a LAW FIRM which is engaged in purely debt collection activities, the (*GRECO* - NON ATTORNEY) disclaimer is just like the Mini Miranda warning – it must be in every communication.

20.     In fact, Frederick J. Hanna & Associates, P.C. puts the (NON ATTORNEY) disclaimer in their letter communication because Frederick J. Hanna & Associates, P.C. is certain that not putting in the (NON ATTORNEY) disclaimer in a letter communication would imply that the said communications are from an involved attorney.  Hence, when

---

[4] See also e.g. <u>Gonzalez v. Kay</u>, 577 F.3d 600 (5th Cir. 2009) ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up.")

Frederick J. Hanna & Associates, P.C. is meaningfully involved (e.g. during litigation) the (NON ATTORNEY) disclaimer is absent from those communications.  An oral or written communication from a LAW FIRM absent the (NON ATTORNEY) disclaimer would lead even a sophisticated consumer to get the impression of meaningful attorney involvement.  In general, it would be ridiculous to think that the least sophisticated consumer would carry over any disclaimer from one communication to the next (such as a Mini Miranda or *Greco* – hence, the case law that these disclaimers must be in **ALL** communications).

21.     In particular, the communication at hand in this case would imply that it is from an attorney in the practical sense since it was the initial communication.  No Bona Fide error defense exists because Frederick J. Hanna & Associates, P.C. has a standard practice to leave in every message, the words LAW FIRM or Attorneys.[5]

22.     Defendant, as a matter of pattern and practice, leaves prerecorded messages, or cause voice mail messages to be left on debtor's answering machines, using language substantially similar or materially identical to that utilized by Defendant in the above-cited messages which were left on Plaintiff's answering machine on many occasions.

23.     Defendant leaves thousands of prerecorded messages like the ones left for Plaintiff without conducting any meaningful review of the accounts.

---

[5] See Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.  The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.),

24.     The human and or prerecorded messages Defendant leaves, or causes to be left on debtors answering machines, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, Robo calling technologies, dialers, and electronic databases.

25.     The prerecorded communications from Frederick J. Hanna & Associates, P.C. say: **"…the Law Offices of Frederick J. Hannah and Associates P.C…"** are standardized pre-scripted prerecorded voice mails.

26.     Although Frederick J. Hanna & Associates, P.C. may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said prerecorded messages. The inclusion of "Law Offices" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communications came from a law firm in a practical sense, when they did not.  Said prerecorded messages are false and misleading in violation of 15 U.S.C. § 1692e(10).[6]

27.     If Frederick J. Hanna & Associates, P.C. desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely identical and standardized debt-collection related activities, it is free to do so under the law of the Second Circuit; so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or

---

[6] Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 306, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d 746 quoting Nielsen, 307 F.3d at 638 and stating that "an attorney must have some professional involvement with the debtor's file if a delinquency letter sent under his name is not to be considered false or misleading in violation of **section 1692e(3) and (10)**." (emphasis added)

law firm in the practical sense[7].

28. The representatives that left the said prerecorded messages are not attorneys and, are not licensed to practice law in the State of New York or any other State.

29. At no time did any of the prerecorded messages which were left for the Plaintiff indicate that the representatives are actually non-attorney debt collectors.

30. The telephone number (866) 949-6996 is answered by persons who are employed by Frederick J. Hanna & Associates, P.C. as non-attorney "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

31. Said prerecorded messages are in violation of 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10) for failing to qualify that the prerecorded messages were from a non-attorney, for failing to qualify that no attorney from the firm had reviewed the debt, for implying meaningful attorney involvement, and that the communications came from an attorney in the practical sense.

32. The said message is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(3) by making the false representation that the communication is from an attorney and 15 U.S.C. § 1692e(10) for stating that Attorney Hanna is personally involved in collecting the debt, when he is not.  The defendant was found liable for this type of practice in _Cordes v. Frederick J. Hanna & Assocs., P.C._, 789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011).  See attached Exhibit "A".

---

[7] See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993); Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009) ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005) (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated 15 U.S.C. § 1692e.)

## <u>CLASS ALLEGATIONS</u>

33.   This action is brought as a class action.  Plaintiff brings this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

34.   The identities of all class members are readily ascertainable from the records of Frederick J. Hanna & Associates, P.C. and those business and governmental entities on whose behalf it attempts to collect debts.

35.   Excluded from the Plaintiff's Class are the Defendants and all officers, members, partners, managers, directors, and employees of Frederick J. Hanna & Associates, P.C., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

36.   There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.  The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

37.   The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

38.   The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint.  The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause him not to vigorously pursue this action.

39.     This action has been brought, and may properly be maintained, as a class action pursuant
to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a
well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis
alleges, that the Plaintiff's Class defined above is so numerous that joinder of
all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact
exist as to all members of the Plaintiff's Class and those questions
predominate over any questions or issues involving only individual class
members.  The principal issues are whether the Defendant's communications
with the Plaintiff, such as the above stated claims, violate provisions of the
Fair Debt Collection Practices Act.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class
members.  Plaintiff and all members of the Plaintiff's Class defined in this
complaint have claims arising out of the Defendant's common uniform
course of conduct complained of herein.

(d)     **Adequacy:**  The Plaintiff will fairly and adequately protect the interests of
the class members insofar as Plaintiff has no interests that are adverse to the
absent class members.  The Plaintiff is committed to vigorously litigating
this matter.  Plaintiff has also retained counsel experienced in handling
consumer lawsuits, complex legal issues, and class actions.  Neither the
Plaintiff nor his counsel have any interests, which might cause them not to

-10-

vigorously pursue the instant class action lawsuit.

(e)   **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.  Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collect debts throughout the United States of America.

40.   Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendant's communications with the Plaintiff, such as the above stated claims is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

41.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42.   Depending on the outcome of further investigation and discovery, Plaintiff may, at the

time of class certification motion, seek to certify one or more classes only as to

particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

43.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1)

through forty two (42) as if set forth fully in this cause of action.

44.   This cause of action is brought on behalf of Plaintiff and the members of a class.

45.   The class consists of all persons (a) whom Defendant's records reflect resided in the

state of New York State (b) and who received prerecorded telephone messages from one

of Defendant's collection representatives (c) which stated that the prerecorded messages

were from Frederick J. Hanna & Associates, P.C. but which failed to qualify that the

debt had not been reviewed by an attorney, (d) the prerecorded messages were left

seeking the payment of an alleged debt, and (e) that Plaintiff asserts the prerecorded

messages contained violations of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

46.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

(a)   Based on the fact that form telephonic messages and are at the heart of this

litigation, the class is so numerous that joinder of all members is impracticable.

(b)   There are questions of law and fact common to the class and these questions

predominate over any question(s) affecting only individual class members.  The

principal question presented by this claim is whether the Defendant violated the

FDCPA.

-12-

(c)      The only individual issue involves the identification of the consumers who received such telephonic messages (i.e. the class members).  This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)      The claims of the Plaintiff are typical of those of the class members.  All of the respective class claims are based on substantially similar facts and legal theories.

(e)      The Plaintiff will fairly and adequately represent the class members' interests.  The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.  The Plaintiff's interests are consistent with those of the members of the class.

47.    A class action is superior for the fair and efficient adjudication of the class members' claims.  Congress specifically envisions class actions as a principal means of enforcing the FDCPA.  15 U.S.C. § 1692(k).  The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.  Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

48.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

49.    Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

-13-

**Violations of the Fair Debt Collection Practices Act**

50.     The Defendant's actions as set forth above in the within complaint violate the Fair Debt

Collection Practices Act.

51.     The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff

and the members of the class to damages in accordance with the Fair Debt Collection

Practices Act.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's

favor and against the Defendant and award damages as follows:

   (a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

   (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

   (c) Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Brooklyn, New York
      April 17, 2013


                          ____/s/__Maxim Maximov_____
                          Maxim Maximov, Esq.
                          Attorneys for the Plaintiff
                          Maxim Maximov, LLP
                          1600 Avenue M, 2nd Floor
                          Brooklyn, New York 11230
                          Office: (718) 395-3459
                          Facsimile: (718) 408-9570
                          E-mail: m@maximovlaw.com


Plaintiff requests trial by jury on all issues so triable.


                          __/s/___Maxim Maximov_____
                          Maxim Maximov, Esq.