# MAXIM MAXIMOV, LLP
## ATTORNEYS AT LAW

1600 AVE M • SECOND FLOOR
BROOKLYN • NEW YORK • 11230

EMAIL MMAXIMOV@MMAXIMOV.COM
TELEPHONE (718) 395-3459
FAX (718) 408-9570

April 17, 2013

**VIA ECF**
The Honorable Judge John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    Goldstein v. Frederick J. Hanna & Associates, P.C
               1:13-cv-00776-JG-JMA

Dear Honorable Judge Gleeson:

      I represent the plaintiff in the above referenced matter.  Instead of answering the complaint, the defendant has filed a motion for a pre motion conference for permission to file a motion to dismiss.  The plaintiff has amended the complaint.  The first amended complaint currently does not contain any 1692e(5) claim.  The first amended complaint also clearly describes the alleged debt that Defendant sought to collect from the Plaintiff as a consumer debt, which was incurred primarily for personal, family, or household purposes.

      The first amended complaint alleges that the message was in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692e(3) by making the false representation that the communication is from an attorney and 1692e(10) by misleading that Attorney Hanna is personally involved in collecting the debt when he is not.  See *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 306, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d (Callaghan) 746 (2d Cir. N.Y. 2003) Quoting *Nielsen, 307 F.3d at 638* and stating that "An attorney must have some professional involvement with the debtor's file if a delinquency letter sent under his name is not to be considered false or misleading in violation of **Section 1692e(3) and (10)**." (Emphasis added)  In addition, the defendant, Frederick J. Hanna & Associates, P.C was found liable for this type of practice in *Cordes v. Frederick J. Hanna & Assocs., P.C.*, 789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011).

      Although the defendant is always free to request a pre motion conference for permission to file a motion to dismiss, the record now reflects that after the filling of the first amended complaint, all those issues are now moot.  See *Pinkesz v. Portfolio Recovery Associates, LLC.*, No. 1:12-cv-02508 Doc 19 (E.D.N.Y. Nov 14, 2012).  The court stated "Since defendant's pre-motion conference request related to the original complaint, this Court agrees with plaintiff that the November 1, 2012 request has

been mooted by the filing of the amended complaint.  Defendant has 14 days from service of the amended pleading in which to answer or file a pre-motion conference request relating to the amended complaint".

      In the interest of a useful expenditure of the parties time, we ask that the court cancel the pre motion conference unless the defendant can now show a reason to seek permission to file a motion to dismiss.

      Very Truly Yours,

      **/s/**

      Maxim Maximov, Esq.