

Attorneys at Law
5 Walter E. Foran Blvd.
Suite 2007
Flemington, NJ 08822
tel. 908.237.4550
fax 908.237.4551

www.mnlawpc.com

Donald S. Maurice
Member DC, NJ & NY Bar
Board Certified
Creditors' Rights Law
American Board of Certification

Joann Needleman
Member PA & NJ Bar

Thomas R. Dominczyk
Member NJ , NY & PA Bar

Rachel Marin
Member NJ & NY Bar

Shannon Patrick Miller
Member PA Bar

May 31, 2013

**VIA ECF and U.S. MAIL**
Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re:    **Yitzchok Goldstein v. Frederick J. Hanna & Associates, P.C.
            Case No. 13-cv-00776**

Dear Judge Gleeson:

The undersigned is counsel of record for the Defendant, Frederick J. Hanna & Associates, P.C. ("Hanna") in the above referenced matter. Hanna requests permission to file a motion to dismiss plaintiff's Amended Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6). Plaintiff has filed a Class Action lawsuit alleging violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq*., specifically §§ 1692e, 1692e(3) and 1692e(10). Plaintiff has failed to sufficiently plead any cause of action under the FDCPA.

The conduct which Plaintiff's Amended Complaint claims violated the FDCPA is a message left by Hanna on Plaintiff's voice mail ("Voice Mail Message") which stated:

> **Hello this message is in reference to a personal business matter concerning Y. Goldstein. If you are not the following person, Y. Goldstein, please hang up or disconnect immediately, Please contact Bob Wilson with the Law Offices of Frederick J. Hannah and Associates P.C…", the toll free number is 18669496996 thanks. Again please contact Bob Wilson with the Law Offices of Frederick J. Hanna and Associates P.C., the toll free number is 18669496996, this message is from a debt collector. If you would like to speak with a representative immediately please press zero now, if you would like to hear this message again please press one.**

Amended Complaint, ¶11.

By leaving this, Plaintiff alleges that the Voice Mail Message violated the FDCPA because it (1) failed to contain a "*Greco* disclaimer" in violation of §1692e(3); and (2) by otherwise using false and deceptive means to collect a debt in violation of §1692e(10).

Pennsylvania Office
MAURICE & NEEDLEMAN, P.C.
Suite 935, One Penn Center
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
tel. 215.665.1133
fax 215.563.8970



Page 2
May 31, 2013

## I. PLAINTIFF FAILS TO PROPERLY PLEAD THAT THE "DEBT" MEETS THE DEFINITION SET FORTH IN THE FDCPA AND THAT HE IS A "CONSUMER."

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) requires a complaint allege facts which provide the grounds for Plaintiff's entitlement to relief. A complaint does not do this when it merely alleges a "formulaic recitation of the elements of a cause of action." *Id.* A complaint that contains no more than legal conclusions is not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Plaintiff fails to plead any facts showing that the alleged "debt" falls within the meaning of §1692a(5) of the FDCPA. *See Shmerkocvich v. RMC Consulting Grp. LLC*, No. 09-CV5490, 2011 U.S. Dist. LEXIS 30615 at *4 (E.D.N.Y. Jan. 31, 2011) (citations omitted). Plaintiff simply recites § 1692a(5). Additionally, Plaintiff fails to allege any facts indicating he is a consumer within the definition of §1692a(3), he only recites § 1692a(3). Due to these deficiencies Plaintiff fails to properly plead any FDCPA claim against Hanna and his Amended Complaint must be dismissed in its entirety.

## II. PLAINTIFF FAILS TO STATE A CLAIM UNDER §§1692e(3) AND 1692e(10) BECAUSE THE CASE LAW CONCERNING ATTORNEY INVOLVEMENT APPLIES ONLY TO LETTERS DEMANDING PAYMENT, NOT PHONE MESSAGES REQUESTING A PERSON RETURN A PHONE CALL.

Plaintiff's claims regarding violations of specific sections of the FDCPA also fail as a matter of law. Plaintiff alleges that Hanna's Voice Mail Message violates §1692e(3) because it failed to provide a "*Greco* disclaimer."

Section 1629e(3) prohibits the false representation that the communication is from an attorney. In *Greco v. Trauner Cohen & Thomas, LLP*, 412 F.3d 360 (2d Cir 2005) the Second Circuit permitted lawyers to "disclaim" their professional involvement in making and sending letters to debtors demanding payment of a debt. *Id.* at 364.  Plaintiff alleges only that the Voice Mail Message requested Plaintiff return Hanna's call. Plaintiff does not allege the Voice Mail Message demanded payment from the Plaintiff. Nor does *Greco* require attorneys to disclaim professional involvement.

The complaint further acknowledges that Hanna *is* a law firm. Since § 1629e(3) prohibits the false representation that the communication is from an attorney, on its face the Amended Complaint fails to state a claim. Plaintiff does not allege the Voice Mail Message gave him the impression that Hanna was not a law firm or that the message was false, confused him or otherwise violated the Act.



Page 3
May 31, 2013

### III. CONGRESS DID NOT INTEND FOR THE FDCPA TO REGULATE THE QUANTUM OF PROFESSIONAL JUDGMENT EXERCISED BY ATTORNEYS.

The legislative history of the FDCPA demonstrates that Congress did not intend the FDCPA to regulate the quantum of professional judgment exercised by attorneys. The FDCPA does not supplant lawyer's professional responsibilities. Hanna urges the rejection of the judicially created "meaningful involvement" doctrine in this case as contrary to the FDCPA's legislative intent.

The Supreme Court in *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1622 (2010) stated that the FDCPA's "conduct regulating provisions" should not be applied in such a way that would "compel absurd results when applied to debt collecting attorneys." "Meaningful involvement" produces absurd results here because it conflicts with professional standards established by state judiciaries and opinions of the American Bar Association regulating attorney professional conduct. Suggesting that the FDCPA intended to regulate an attorney's role in directing her office to leave a telephone message only requesting the consumer to return the call is such an "absurd result". *Id.*

### IV. PLAINTIFF FAILS TO STATE A CLAIM UNDER §1692e(10).

Plaintiff asserts no other factual allegations regarding the alleged violation of §1692e(10) other than what has been asserted to support his § 1692e(3) claim. A court must deem a §1692e(10) claim deficient if it "does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA." *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006). Thus, Plaintiff's §1692e(10) claim must be dismissed.

Under the circumstances, it is respectfully requested that Defendant Frederick J. Hanna & Associates, P.C. be permitted to file its Rule 12(b)(6) motion.

Thank you for your consideration.

Respectfully submitted,

Maurice & Needleman, P.C.

/s/ *Rachel Marin*
Rachel Marin
RM/

cc: Maxim Maximov, Esq.  (via ECF)